Tucker, P.
I concur in the opinion, that this judgment should be affirmed.
It was first objected, that the ca. sa. not having issued to the county in which the defendant resided, could not properly have been returned “ not found” by the sheriff of Buckingham. I do not think so. The ca. sa. properIy issued to the sheriff of the county where the venue was laid, where the original process issued, and where the defendant was taken. This is the established english practice; and was the practice in Virginia, as the" law formerly stood, unless the defendant had actually removed the bulk of his effects out of the county. No ca. sa. could issue against him except to the county where he was sued. 2 Wash. 72. At that time, then, the ca. sa. must of necessity have gone to the county in which thfe action was brought, except under peculiar circumstances. And though the ca. sa. may now issue to the county in which the defendant resides, yet it does not follow that this must be done to charge the bail. The truth is, that the issue of the ca. sa. is not so much with the view to take the defendant, as to give notice to the bail that the plaintiff means to proced against the person of the defendant; Tidd 993. And hence it is the established law, that the return of non est inventus will be good, although the plaintiff knew where to find, the defendant. For the hail has undertaken to render his body to prison in execution, and all that he has a right to demand, is the notice, which the issue of the ca. sa. gives, that the body is proceeded against, and that he must fulfil his engagement.
If the ca. sa. may issue to the county where the suit is brought, the sheriff is authorized to return non est in *381 vcntus, although the defendant be no inhabitant. The ° . . . , section oí the law which requires the return oí “no inhabitant” does not extend to final process. At common law and according to the form prescribed by our statute, 1 Rev. Code, ch. 134. ^ 1. the sheriff must return “not found within my bailiwick.” “No inhabitant of my bailiwick” is not a proper return ; for notwithstanding that be the fact, the sheriff must take the party if he can find him within his bailiwick. No other return, therefore, but that of non est inventus can excuse him.
Next it is objected that the scire facias was improperly made returnable to the rules. But the statute is too explicit to admit of this defence. It provides that every writ of capias ad respondendum or scire facias shall be returnable, at the plaintiff’s option, either to the first day of the next succeeding term, or in the clerk’s office, to some previous rule day. This act is general in its terms, and therefore included the scire facias against hail. It was subsequently repealed so far as related to the capias in the county court, but there was no repeal as to the scire facias. It therefore regularly issued.
It is next contended that the surrender on the 5th January entitled the bail to an cxonerclur. I do not think so. The question depends on the answer to the inquiry, what is the appearance day ? If the law has fixed no other day as the appearance day, it is obvious, that the da.y on which the writ commands the party to appear must he the appearance day. Formerly, the law did expressly declare, that the appearance day should be the day after the rising of the court to which the writ was returnable. 1 Rev. Code of 1792, ch. 66. § 35. But now it is strongly intimated by a corresponding-section in the subsequent revisal of 1819, ch. 128. § 42. that the return day of the writ is the appearance day; for where an attorney undertakes to appear for the defendant, his appearance is required to be entered on the return day of the writ. Be this as it may,—if this clause *382 is to be construed as indicating the appearance day, then the return day is the appearance day; if not, then there is no appearance day expressly appointed by the law; and therefore the appearance day is that which is appointed by the writ. And so this court seems to have thought, in Kyles v. Ford. If I am right in this position, then Monday the 5th January, which was the return day of the scire facias, was the appearance day also. The defendant is commanded “ to be at the office on the first Monday in next month [January] that being the day on which rules are to be held &c. to shew &c.” Monday, therefore, was the appearance day; and whether we consider that day as distinct from the other rule days, or all six rule days as making but one day (as was decided, when I was at the bar, by judge White, one of the most distinguished judges of the general court), it will, in this case, amount to the same thing; for the surrender was not made until Monday; whereas the statute requires that it be made before the appearance day of the scire facias, and is not satisfied by a surrender on the appearance day, even though before the scire facias is returned. I think there is no ground whatever for considering the last of the six rule days as the appearance day.
Judgment affirmed.